1  ATKINSON, ANDELSON, LOYA, RUUD & ROMO
   A Professional Law Corporation
2  Nate J. Kowalski          State Bar No. 181136
      NKowalski@aalrr.com
3  Abraham Escareno          State Bar No. 286720
      AEscareno@aalrr.com
4  12800 Center Court Drive South, Suite 300
   Cerritos, California 90703-9364
5  Telephone: (562) 653-3200
   Fax: (562) 653-3333
6

7  Attorneys for Defendant KROGER CO., an Ohio
   corporation, erroneously sued as THE KROGER
8  COMPANY

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12

| ELIAS MUNIZ, as an Individual, | Case No. |
|---|---|
| Plaintiff, | *Removed from Orange County Superior Court, Case No. 30-2021-01186338-CU-OE-NJC* |
| v. | |
| THE KROGER COMPANY, an Ohio corporation; and DOES 1 through 10, inclusive, | **DEFENDANT KROGER CO.'S NOTICE REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441** |
| Defendant. | Complete Set of Papers Filed: 1. Notice of Removal; 2. Declaration of Dorothy D. Roberts in Support of Notice of Removal; 3. Corporate Disclosure Statement; 4. Notice of Pendency of Other Actions or Proceedings; 5. Certification and Notice of Interested Parties; 6. Civil Cover Sheet; and 7. Certificate of Service of Removal Papers to Federal Court |
| | Complaint Filed: February 26, 2021<br>Removal Date: April __, 2021 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND PLAINTIFF'S COUNSEL OF RECORD:**

Pursuant to 28 U.S.C. §§ 1441(b), 1332, and 1446, and all other applicable bases for removal, Defendant Kroger Co. ("Defendant" or "Kroger Co.") hereby removes this action from the Superior Court of the State of California for the County of Orange to the United States District Court, Central District of California. This is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441. The grounds for removal are as follows:

## I. STATEMENT OF THE CASE

1. On February 26, 2021, Plaintiff Elias Muniz ("Plaintiff"), a current Kroger Co. employee, filed a Complaint for Damages ("Complaint") in the Superior Court of the State of California, County of Orange captioned *Elias Muniz v. The Kroger Company,* Case No. 30-2021-01186338-CU-OE-NJC. A true and correct copy of the Summons and Complaint are attached hereto as Exhibit A.

2. Plaintiff's Complaint alleged four causes of action as follows:

   (1) Disability Discrimination in violation of the Fair Employment and Housing Act ("FEHA");

   (2) Failure to Engage in the Interactive Process in violation of the FEHA;

   (3) Failure to Accommodation in violation of the FEHA;

   (4) Retaliation in violation of the FEHA.

Plaintiff's Complaint prays for damages according to proof including damages for mental and emotional distress, punitive damages, costs of suit, and such other relief as the Court deems just and proper.

3. On March 17, 2021, Plaintiff served the Summons and Complaint on Kroger Co.'s Agent for Service of Process. A true and correct copy of Plaintiff's electronic Proof of Service of the Summons and Complaint is attached hereto as Exhibit B.

4. On April 14, 2021, Kroger Co. timely served and filed its Answer to Plaintiff's Complaint in Orange County Superior Court. A true and correct copy of Kroger Co.'s Answer, filed in the Superior Court on April 14, 2021, is attached hereto as Exhibit C.

5. Pursuant to 28 U.S.C. § l446(a), in addition to the Summons, Complaint and proof of service thereof, all other process, pleadings and orders served or filed in this Action include Civil Case Cover Sheet, a true and correct copy of which is attached hereto as Exhibit D, and a Notice of Case Management Conference Scheduled for September 17, 2021, a true and correct copy of which is attached hereto as Exhibit E.

## II. NOTICE OF REMOVAL IS TIMELY

6. A notice of removal may be filed within thirty (30) days after service of the Complaint. 28 U.S.C. § l446(b).

7. On March 17, 2021, Plaintiff served Kroger Co. with the Summons and Complaint through its registered agent for service of process. (See Exhibit B, Plaintiff's Proof of Service of Summons and Complaint.) This Notice of Removal is filed with this Court within 30 days after service of the Complaint under Federal Rule of Civil Procedure, Rule 6. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

## III. GROUNDS FOR REMOVAL

8. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (28 U.S.C. § 1441(a).) Unless the civil action is founded on a claim arising under the Constitution, treaties or laws of the United States, the action shall be removable only if none of the parties in interest properly joined and served as defendants are citizens of the State in which such action is brought. (28 U.S.C. § 1441(b)(2).)

9. This is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441 because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. A notice of removal must simply contain a "short and plain statement of the grounds for removal." (28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co., LLC* v. *Owens* (2014) 574 U.S. 81.)

### A. Diversity of Citizenship Exists

10. Plaintiff is, and was at the time of filing of this action, and at the time of this Notice of Removal, a citizen of the State of California, County of Los Angeles, and worked at Defendant's store located at 850 S. Cypress Street, La Habra, California in Orange County. (Exhibit A, Complaint, ¶¶ 5-6.)

11. Residency constitutes a prima facie showing of domicile for purposes of establishing citizenship for diversity jurisdiction. (*State Farm Mut. Auto 1ns. Co.* v. *Dyer* (10th Cir. 1994) 19 F.3d 514, 520). "An individua1 is a citizen of the state in which he is domiciled . . . ." (*Boon* v. *Allstate Ins. Co.* (C.D. Cal. 2002) 229 F.Supp. 2d 1016, 1019 (citing *Kanter* v. *Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857).) For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. (*Armstrong* v. *Church of Scientology Int'l* (9th Cir. 2000) 243 F.3d 546, 546 (citing *Lew* v. *Moss* (9th Cir. 1986) 797 F.2d 747, 750).) Thus, Plaintiff is a citizen of California because Plaintiff resides in Los Angeles County, California.

12. For purposes of diversity, a corporation is a citizen of both the State in which it is incorporated and the State that constitutes the corporation's "principal place of business." (28 U.S.C. § 1332(c)(1).) The "phrase 'principal place of business' in 28 U.S.C. §1332(c)(l) refers to the place where the corporation's high level officers direct, control and coordinate the corporation's activities." (*Hertz Corp. v. Friend* (2010) 130 S.Ct. 1181, 1192.) The principal place of business is where the corporation "maintains its headquarters – provided that the headquarters

is the actual center of direction, control and coordination." (*Id.*)

13. Kroger Co. is, and was at the time of the filing of this action, a corporation incorporated under the laws of the State of Ohio. (Declaration of Dorothy Roberts ("Roberts Decl., ¶ 3.) Moreover, at all relevant times, including at the time the Complaint was filed and served, and at the time of this Notice of Removal, Kroger Co.'s principal place of business was and is in Cincinnati, Ohio because Kroger Co. performs the vast majority of its executive and administrative functions at its corporate headquarters in that location. (Roberts Decl., ¶ 4.)

14. The citizenship of fictitiously named "Doe" defendants is to be disregarded for purposes of removal. (28 U.S.C. 1441(a); *Fristoe v. Reynolds Metals Co.* (9th Cir. 1980) 615 F.2d 1209, 1213 (unnamed defendants sued as "Does" are not required to join in a removal petition).) Thus, the inclusion of "Doe" defendants in the Complaint has no effect on Kroger Co.'s ability to remove.

### B. The Amount in Controversy Exceeds $75,000

15. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000. (*Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 403-404.)

16. Plaintiff does not specifically quantify his damages in the Complaint. However, while Kroger Co. denies any liability, based on Plaintiff's allegations, the amount in controversy, including Plaintiff's prayer for punitive damages, more likely than not exceeds $75,000, excluding interest and costs. Plaintiff seeks damages according to proof, including damages for mental and emotional distress for which he continues to seek medical care, punitive damages, attorneys' fees, and costs of suit. (Exhibit A, ¶¶ 38, 39, 60, 61, 79, 80, 98, 101, Prayer ¶¶ 1-8.) In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. (*Hunt v. Washington Apple Advert. Comm'n*

(1977) 432 U.S. 333,347-48; *Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 945; *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56; *Korn v. Polo Ralph Lauren Corp.* (E.D. Cal. 2008) 536 F.Supp. 2d 1199, 1205 ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.").) Although Kroger Co. denies Plaintiff's allegations and denies that he is entitled to damages or any other relief, based on Plaintiff's allegations and prayer for relief, the amount in controversy associated with the claims alleged, if proven, exceed the $75,000 threshold set forth under 28 U.S.C. 1332(a).

### IV. VENUE

17. Plaintiff filed his Complaint in Orange County Superior Court. Venue is proper in this district, pursuant to 28 U.S.C. §1441(a) because the District Court for the Central District of California is the judicial district embracing the place where the state court case is pending.

18. Kroger Co. will promptly serve Plaintiff with written notice of removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, County of Orange, as required under 28 U.S.C. § 1446(d).

### V. NOTICE OF REMOVAL IS PROCEDURALLY PROPER

19. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Plaintiff and Kroger Co. are citizens of different states and the amount in controversy exceeds $75,000.

20. In accordance with the requirements of 28 U.S.C. § 1446(a), all process, pleadings, and orders, served on or filed by Kroger Co. in this Action are attached. (See Exhibits A, B, C, and D.) To Kroger Co.'s knowledge, no other

1 documents have been filed or served upon it.

2   21. Pursuant to 28 U.S.C. § 1446(d), written notice of removal and copy of
3 this Notice of Removal will be filed with the Clerk of the Superior Court of the State
4 of California, County of Orange, and served on Plaintiff's counsel of record.

5   22. No previous application has been made for the relief requested herein.

6   23. In the event any question arises as to the propriety of the removal of
7 this Action, Kroger Co. requests that the Court issue an Order to Show Cause so that
8 it may have an opportunity to present briefing in support of its position that this case
9 is removable.

10   **NOW THEREFORE**, Kroger Co. respectfully requests that this action be
11 removed from the Superior Court of the State of California, County of Orange, to
12 the United States District Court for the Central District of California, and that all
13 proceedings hereinafter in this matter take place in the United States District Court
14 for the Central District of California.

16 DATED: April 16, 2021   ATKINSON, ANDELSON, LOYA, RUUD &
              ROMO

18             By:  /s/Abraham Escareno
19               Nate J. Kowalski
              Abraham Escareno
20               Attorneys for Defendant KROGER CO.,
              an Ohio corporation, erroneously sued as
              THE KROGER COMPANY

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

010574.00026
32299607.1