UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 21-00706-CJC (DFMx) | Date: | January 26, 2022 |
|---|---|---|---|
| Title | Elias Muniz v. Kroger Co. et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Granting Defendant's Discovery Motions and Ordering Monetary Sanctions (Dkts. 27, 28)

Defendant Kroger Co. filed a Motion to Compel Answers to Interrogatories and a Motion to Compel Deposition. See Dkts. 27, 28. Defendant's moving papers indicated that Plaintiff would not participate in the discovery sought because of travel obligations. After Plaintiff failed to file his opposition by the deadline, I provided him an additional week to do so and reminded him of his obligation to comply with court orders, Local Rules, and the Federal Rules of Civil Procedure. See Dkt. 29. Nevertheless, Plaintiff did not file an opposition.

Plaintiff did appear at the January 25 hearing, explaining that his attorney withdrew from this case after a failed mediation. But Plaintiff's counsel withdrew on November 18, 2021, more than two months ago. See Dkt. 26. It was incumbent on Plaintiff to find a new attorney, especially given that the discovery cutoff is nine days away. See Dkt. 13. Plaintiff also asked for an extension, which I have no power to grant.

Defendant's Motions are therefore granted. Plaintiff is ordered to serve responses to the interrogatories on or before January 31, 2022. Plaintiff is also ordered to appear for deposition on one of Defendant's provided dates (February 3, 4, or 7, 2022) and to produce any documents responsive to the RFP attached to the deposition notice at least three days before the deposition.

Additionally, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Defendant's request for sanctions is granted in part. "A party's pro se status does not shield him from meeting his discovery obligations or protect him from sanctions when he doesn't." Alexso, Inc. v. Shrem, 2020 WL 7481003, at *3 (C.D. Cal. Nov. 24, 2020) (finding that plaintiff was entitled to attorney's fees of $2,000 against pro se defendant). Plaintiff has failed to show that his conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

was substantially justified or any other circumstances that would make an award of expenses unjust.

Defendant's counsel states that his billing rate is $330.00 per hour and that he spent 5 hours preparing the Motions, totaling $1,650. See Dkt. 27-1, Escareno Declaration ¶ 17. I find those amounts to be reasonable. However, I did not include the $660.00 in fees requested for preparing the reply brief and appearing at the hearing, given that Plaintiff did not file an opposition and the hearing was less than 15 minutes. Accordingly, Plaintiff is ordered to pay Defendant sanctions in the amount of $1,650 within twenty-one (21) days of the date of this order.